IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| In Re: LVL-USA LLC | ) ) ) ) ) ) ) ) ) ) | No. 2:20-mc-00018-TLP-cgc |

ORDER GRANTING LVL-USA LLC'S EX PARTE APPLICATION FOR THE ISSUANCE OF DISCOVERY UNDER 28 U.S.C. § 1782

LVL-USA LLC ("LVL") submitted an ex parte application for the issuance of a discovery order under 28 U.S.C. § 1782.  (ECF No. 1.)  LVL-USA LLC seeks "targeted discovery" from Federal Express Corporation ("FedEx Express") for use in a pending legal proceeding before the Commercial Court of Paris.  (*Id.* at PageID 2.)

BACKGROUND

LVL is an American company that markets products for Meljac, a French company that manufactures made-to-order luxury electrical equipment.  (*Id.* at PageID 2.)  LVL and Meljac allegedly entered an agreement that gave LVL exclusive distribution rights of Meljac's products in the United States (the "Agreement").  (*Id.*)  Meljac terminated the Agreement early after accusing LVL of selling products made by Meljac's competitors.  (*Id.*)

LVL sued Meljac in the Commercial Court of Paris.  (*Id.*)  LVL now seeks evidence from FedEx Express for use in that pending legal proceeding.  (*Id.*)  LVL specifically seeks production of all commercial invoices for any products sent "from Meljac or Meljac USA to Meljac North

America LLC or Jean-Luc Deschaine"[1] between January 1, 2017 and July 1, 2019. (*Id.*)  LVL argues that it needs this limited discovery to establish its damages against Meljac. (ECF No. 1-2 at PageID 8.)

LVL now asks the Court to grant its ex parte application and allow LVL to serve FedEx Express with a subpoena. (ECF No. 1 at PageID 4.)

## **ANALYSIS**

1.     **Legal Standard under 28 U.S.C. § 1782**

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him . . . to produce a document or other thing for use in a proceeding in a foreign international tribunal . . . ." "The order may be made . . . upon the application of any interested person . . . ." § 1782(a). Thus, a district court may, in its discretion, allow discovery under § 1782 if the applicant satisfies these statutory requirements.[2] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.").

2.     **Analysis of LVL's § 1782 Application**

LVL satisfies the statutory requirements of § 1782. First, as a party to the foreign proceeding, LVL is an "interested person" under the statute. *Id.* at 256 (noting that litigant in

---

[1] Jean-Luc Deschaine is a former LVL employee who resigned and joined Meljac shortly before Meljac terminated the Agreement. (ECF No. 1-2 at PageID 10.)  Meljac North America is an American subsidiary of Meljac that Meljac created after the parties terminated the Agreement. (*Id.* at PageID 11.)  Mr. Deschaine later became Meljac North America's representative. (*Id.*)
[2] The court in *Application of Furstenberg Financial SAS v. Litai Assets LLC*, lists § 1782's statutory requirements: "(1) the request must be made by a foreign or international tribunal or by any interested person; (2) the request must seek evidence, be it the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in proceeding in a foreign or international tribunal; and, finally, (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance." 877 F.3d 1031, 1034 (11th Cir. 2017) (internal quotations omitted).

foreign proceeding is an interested person under § 1782(a)). Second, LVL seeks evidence from FedEx Express, specifically the production of Meljac's commercial invoices. (*See* ECF No. 1 at PageID 1.) Third, LVL wants this evidence for use in a legal proceeding pending before the Commercial Court of Paris. (*Id.* at PageID 2.) And under the statute, "a proceeding in a foreign international tribunal" includes judicial proceedings, as well as administrative and quasi-judicial proceedings. *Intel Corp.*, 542 U.S. at 248–49. Finally, FedEx Express resides in this district. (ECF No. 1-4 at PageID 27.) Thus, LVL meets the statutory requirements for discovery under § 1782.

As a result, the Court may, in its discretion, allow LVL to seek discovery from FedEx Express. *Intel Corp.*, 542 U.S. at 264. In exercising its discretion, the Court should consider the following factors: whether the person from whom discovery is sought is a participant in the foreign proceeding, the nature of the foreign tribunal, whether the § 1782 request is an attempt to circumvent foreign restrictions or policies, and whether the request is unduly burdensome. *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *1 (6th Cir. Sept. 4, 2018) (citing *Intel Corp.*, 542 U.S. at 264–65).

These factors all suggest that the Court should grant LVL's § 1782 application. LVL seeks discovery from FedEx Express, a non-party to the foreign proceeding. There is no evidence that the request frustrates the foreign proceeding or is an attempt to circumvent restrictions in the Commercial Court of Paris. (*See* ECF Nos. 1-2 at PageID 15–18; 1-3 at PageID 25.) And LVL requests commercial invoices sent by just one customer (Meljac) to two recipients (Meljac North America LLC or Jean-Luc Deschaine). (ECF No. 1 at PageID 2.) What is more, LVL only seeks invoices from a two-year period of time and estimates that its request covers no more than 300 to 400 invoices. (*Id.* at 2–3.) That said, if this request turns out

to be more burdensome for FedEx Express than it appears, FedEx may raise an objection here under Federal Rule of Civil Procedure 45(d)(2)(B).

## **CONCLUSION**

LVL meets the statutory requirements for limited discovery under 28 U.S.C. § 1782, and after considering the relevant factors, the Court **GRANTS** LVL's application for discovery. LVL may serve FedEx Express with a subpoena to produce all commercial invoices for any products sent from Meljac or Meljac USA to Meljac North America LLC or Jean-Luc Deschaine during the period of January 1, 2017, to July 1, 2019.

**SO ORDERED**, this 13th day of October, 2020.

        s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE